charge. The error in defining the degree of proof required was undoubtedly a "slip of the tongue." Nonetheless, it was prejudicial, entitling defendant to a

New trial.

---

HAZEL FOSTER JORDAN v. BARBARA ELMORE BLACKWELDER, ROBERT R. BLACKWELDER AND EDITH LORENE JONES.

(Filed 14 December, 1960.)

APPEAL by defendants Blackwelder from *Johnston, J.,* at May 1960 Regular Term, of IREDELL.

Civil action for recovery of damages for personal injury alleged to have been sustained by plaintiff while riding as a guest in: automobile operated by Edith Lorene Jones, on 31 August 1956.

The original defendants were the Blackwelders, and Jones was made additional defendant for contribution. She filed answer to cross-action.

Upon trial of the case at August Term 1958 judgment was rendered in favor of plaintiff against defendants Blackwelder and against defendant Jones for contribution. The latter defendant only appealed. Decision below was reversed. See opinion reported in Vol. 250 N.C. 189, 108 S.E. 2d 429.

Upon retrial of the action between the original defendants Blackwelder and the additional defendant Jones on the cross-action for contribution under G.S. 1-240 at May 1960 Term the case was submitted to the jury upon this issue, which the jury answered as shown:

"Did the negligence on the part of Edith Lorene Jones join and concur with negligence on the part of Barbara Elmore Blackwelder as a proximate cause of the collision referred to in the pleadings? Answer: No."

Defendants Blackwelder except and appeal to Supreme Court, and assign error.

*Carpenter & Webb for Edith Lorene Jones appellee.*

*Scott, Collier, Nash & Harris for defendants Blackwelder, appellants.*

PER CURIAM. Careful consideration of all assignments of error fail to show error sufficiently prejudicial to require disturbing the

verdict and judgment rendered. Hence in the judgment so rendered, there is .

No error.

___

MARGARET LOUISE GAULDIN. ADMINISTRATRIX OF THE ESTATE OF CLIF-
TON WAYNE GAULDIN, DECEASED v. STOKES LUMBER COMPANY
(INCORPORATED).

(Filed 14 December, 1960.)

APPEAL by plaintiff from *Gwyn, J.*, at June 11, 1960 Civil Term, GUILFORD Superior Court (Greensboro Division).

Civil action to recover for alleged wrongful death arising out of a collision between intestate of plaintiff, a child six years of age, and a truck belonging to Stokes Lumber Company.

Two issues were raised by the pleadings, — the first, as to whether plaintiff's intestate, Clifton Wayne Gauldin, was killed by the negligence of the defendant as alleged in the complaint; and the second, as to amount of damages resulting therefrom. And on trial in the Superior Court the case was submitted to the jury upon the evidence offered by the respective parties under the charge of the court. The jury answered the first issue in the negative, — thereby eliminating the necessity of answering the second. From judgment entered in accordance therewith in favor of defendant, plaintiff excepts thereto and appeals to Supreme Court, and assigns error.

*Folger & Ellington, Jordan, Wright, Henson & Nichols for plaintiff, appellant.*

*Smith, Moore, Smith, Schell & Hunter, Poteat & Franks for defendant appellee.*

PER CURIAM. The question involved on this appeal as stated by plaintiff appellant is this: "Did the trial judge adequately declare, explain and apply the law arising on the evidence given in the case in compliance with the requirment of G.S. 1-180?"

Careful perusal of the charge of the court, read contextually and in the light of the evidence before the jury, discloses that the case was adequately and understandably presented. And the verdict is in keep-